UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

IVAN BLACK,

                Plaintiff,                Case No. 1:09-cv-1076

v.                                            Honorable Janet T. Neff

MICHIGAN DEPARTMENT OF
CORRECTIONS,

                Defendant.
_____/

## **OPINION**

        This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. Plaintiff originally filed his case in the Eastern District of Michigan, but it was transferred to this Court on venue grounds. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff was directed to pay an initial partial filing fee as soon as funds are available. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed because the Michigan Department of Corrections is immune from suit.

**Discussion**

I.  Factual allegations

Plaintiff presently is incarcerated at the Ionia Maximum Correctional Facility. In his *pro se* complaint, Plaintiff sues the Michigan Department of Corrections (MDOC). Plaintiff's allegations are somewhat difficult to follow, but he appears to allege that the MDOC is refusing to provide him with hormonal treatment for his transexualism under Michigan Department of Corrections Policy Directive 04.06.184 (effective Apr. 19, 1993) despite the previous documentation of his gender identity disorder.[1] Transsexualism is a severe gender identity disorder where a person has the desire to replace his or her own physical sexual characteristics with those of the opposite sex. *See* MICH. DEP'T OF CORR., Policy Directive 04.06.184, ¶A. MDOC Policy Directive 04.06.184 provides the MDOC with guidelines to manage prisoners with gender identity disorders, such as evaluating the prisoners, formulating a written individual management plan and providing treatment to those prisoners. Plaintiff also argues that officers are ordering items, such as books, in Plaintiff's name and are allowing other prisoners to look at those items.[2]

For relief, Plaintiff requests medical treatment for his gender identity disorder, the MDOC to return "every profit they made off of [Plaintiff]" and monetary damages. (Compl. at 3, docket #1.)

---

[1] Plaintiff is classified by the Michigan Department of Corrections as a male prisoner. *See* http://www.state.mi.us/mdoc/asp/otis2profile.asp?mdocNumber=497061. Therefore, this Court will refer to Plaintiff as male.

[2] Plaintiff, however, did not name any officers as Defendants in this case.

## II. Sovereign Immunity

Plaintiff sues the Michigan Department of Corrections in his complaint. Plaintiff, however, may not maintain a § 1983 action against the Michigan Department of Corrections. Regardless of the form of relief requested, the states and their departments are immune under the Eleventh Amendment from suit in the federal courts, unless the state has waived immunity or Congress has expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1993). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). In numerous unpublished opinions, the Sixth Circuit has specifically held that the MDOC is absolutely immune from suit under the Eleventh Amendment. *See, e.g.*, *Turnboe v. Stegall*, No. 00-1182, 2000 WL 1679478, at *2 (6th Cir. Nov. 1, 2000); *Erdman v. Mich. Dep't of Corr.*, No. 94-2109, 1995 WL 150341, at *1 (6th Cir. Apr. 5, 1995); *Cullens v. Bemis*, No. 92-1582, 1992 WL 337688, at *1 (6th Cir. Nov. 18, 1992); *Adams v. Mich. Dep't of Corr.*, No. 86-1803, 1987 WL 36006, at *1 (6th Cir. May 7, 1987). In addition, the State of Michigan (acting through the Michigan Department of Corrections) is not a "person" who may be sued under § 1983 for money damages. *See Lapides v. Bd. of Regents*, 535 U.S. 613 (2002) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989)). Therefore, the Court dismisses the Michigan Department of Corrections.

**Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c) because the Michigan Department of Corrections is immune from suit.

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $455.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $455.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated: December 29, 2009             /s/ Janet T. Neff
                                     Janet T. Neff
                                     United States District Judge